COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, AtLee and Senior Judge Bumgardner
Argued at Norfolk, Virginia


ALYSIA ANNE LANGEN

v.        Record No. 0745-16-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
APRIL 11, 2017


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Heather M. Barnes, Assistant Public Defender, for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Alysia Anne Langen (appellant) appeals the April 19, 2016 orders of the Circuit Court of

the City of Newport News revoking her previously suspended sentences.  Appellant argues on

appeal that the evidence was insufficient to prove that she "violated the terms and conditions of

her probation because there was no requirement [that] restitution be paid within two years."

## I. Background

We consider the evidence on appeal "in the light most favorable to the Commonwealth, as

we must since it was the prevailing party" in the circuit court.  Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296,

330, 601 S.E.2d 555, 574 (2004)).  On March 26, 2014, the circuit court convicted appellant of

one count of grand larceny in violation of Code § 18.2-95 and one count of larceny with intent to

sell or distribute in violation of Code § 18.2-108.01.  The court sentenced appellant to five years

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

on each conviction. The court suspended four years and ten months on the grand larceny charge and all five years on the larceny with intent to sell or distribute charge. Both suspensions were conditioned upon an indefinite period of good behavior or until restitution was paid in full. The circuit court ordered appellant to pay $47,000 in restitution. The court also placed appellant on supervised probation for two years. The sentencing orders noted that the "Probation Officer shall monitor [appellant's] restitution payments."

On March 11, 2016, the circuit court issued a notice and rule to show cause as to why appellant's suspended sentences should not be revoked. After a hearing on April 11, 2016, the circuit court revoked appellant's suspended sentence (four years and ten months) from the grand larceny conviction. The court also revoked appellant's five-year suspended sentence from the larceny with intent to sell or distribute conviction. By orders entered April 19, 2016, the circuit court resuspended the revoked sentences.[1] The resuspended sentences required appellant to be "of good behavior indefinitely or until restitution is paid in full." The court also extended appellant's probation indefinitely – or until restitution was paid in full. The written orders indicate that appellant had agreed to pay a minimum of $100 per month towards her restitution obligation beginning May 15, 2016.

## II. ANALYSIS

"When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." Alsberry v. Commonwealth, 39 Va. App. 314, 320, 572 S.E.2d 522, 525 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless

---

[1] For the larceny with intent to sell or distribute charge, the circuit court revoked all five years of the suspended sentence and then resuspended the revoked sentence. On the grand larceny charge, the circuit court revoked appellant's suspended sentence of four years and ten months. The court then resuspended three years and ten months of that revoked sentence. The court then sentenced appellant to "[o]ne year to serve suspended as long as restitution is paid."

there is a clear showing of abuse of discretion.'" Jacobs v. Commonwealth, 61 Va. App. 529, 535, 738 S.E.2d 519, 521-22 (2013) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." Id. at 535, 738 S.E.2d at 522.

After suspending a sentence, a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). The circuit court's discretion is more limited, however, when the basis for the revocation of a suspended sentence is the defendant's failure to pay restitution. Code § 19.2-305.1(E) states,

> Unreasonable failure to execute the plan by the defendant shall result in revocation of the probation or imposition of the suspended sentence. A hearing shall be held in accordance with the provisions of this Code relating to revocation of probation or imposition of a suspended sentence before either such action is taken.

Thus, when Code §§ 19.2-305.1 and 19.2-306 are applied in conjunction,

> the requirement of Code § 19.2-305.1[(E)] that only "unreasonable" failure to pay restitution shall result in revocation of a suspended sentence restricts the scope of the court's authority under Code § 19.2-306 to revoke a suspension for "any cause" deemed by it sufficient. In short, a reasonable failure to pay restitution negates a reasonable cause to revoke a suspended sentence.

Duff v. Commonwealth, 16 Va. App. 293, 298, 429 S.E.2d 465, 467 (1993).

Given the very limited evidence in the record on appeal, we find that the circuit court abused its discretion when it revoked appellant's suspended sentences. Appellant's probation began on March 21, 2014. On April 1, 2014, appellant signed her probation agreement with Newport News Probation and Parole. The revocation hearing was held two years later on April 11, 2016. At that hearing, the Commonwealth presented very little evidence to the circuit court. Appellant's probation agreement (which apparently covered her restitution payment plan) was

not offered into evidence at the revocation hearing. Thus, that key information is not part of the record on appeal.

The probation officer's "Major Violation Report" described appellant's violation in the following terms:

> Langen was ordered to pay restitution in the amount of $47,000.00. To·date, Langen's restitution balance is $46,070.00. Langen has resided in both Hampton and Newport News, therefore, her probation has been supervised intermittently by both probation offices. It appears that monies submitted by Langen, through the Newport News Clerk's Office, have been applied to both restitution and court costs. Prior to transferring to Hampton, this Officer instructed Langen to make payments in the amount of $80.00 per month. Upon her transfer to Hampton and due to childbirth that resulted in a broken tail bone for Ms. Langen, that amount was temporarily lowered to $40.00, by the Hampton Officer. Ms. Langen has advised that her family is relocating back to Hampton.

At the revocation hearing, appellant's counsel argued:

> MS. BARNES: [A]ccording to the report, Ms. Langen was ordered to make monthly payments in agreement with her probation officer; that those payments were to be $40 a month. At the most recent time, she was making those. I realize that she's reached the end of her probation period, and the whole $47,000 has not been paid, but I don't believe that she is in violation since she was making payments as required per the order of her probation officer.
> She was out of work due to a broken tailbone incurred during pregnancy, and she continued to make her payments during her period of convalescence. And she has just received authorization to go back to work April 7th.

The probation officer, Marian Gallagher, testified:

> Ms. Langen was initially with me. I had her on a $75-a-month payment plan. She relocated to Hampton. They lowered it to 40. She recently has moved out to Salem, and now she's moved to Denbigh. So it's been difficult to track because she's been so transient with her residence.
> But now she's come here to work, I think it's reasonable to require one or $200 a month for the payment.

- 4 -

Neither the Commonwealth nor appellant's counsel asked the probation officer any questions at the revocation hearing. The circuit court revoked appellant's suspended sentences.

The evidence before the circuit court was that appellant had only paid $930 in restitution as of the date of the major violation report, March 8, 2016. However, the major violation report does *not* allege that appellant failed to make her restitution payments every month – or as required by her April 1, 2014 probation agreement. The report merely notes that appellant has an outstanding balance of $46,070 and that appellant's monthly payment was reduced from either $75 or $80 per month to $40 per month temporarily at some point while appellant was recovering from childbirth and a broken tailbone. Appellant's counsel proffered that her client had not violated the terms of her suspended sentence because appellant "was making payments as required per the order of her probation officer." This statement was not rebutted by the evidence as the probation officer did *not* testify that appellant had failed to make any of her required monthly restitution payments.

In addition, the record is silent as to when appellant's first restitution payment was due. No evidence was presented regarding how many restitution payments had become due by the time of the revocation hearing. While the record indicates that appellant's monthly payment plan was reduced from either $75 or $80 per month to $40 per month, there is no indication as to when this change occurred. There is also no evidence in the record of how many restitution payments appellant actually made toward her obligation – and how many the April 1, 2014 plan required her to make by the date that the "Major Violation Report" was issued on March 8, 2016. No questions asked of the probation officer at the revocation hearing really clarified these issues

and, most importantly, appellant's probation agreement (and restitution payment plan) is not even a part of the record.[2]

In summary, there is no evidence in the record that shows whether or when appellant failed to make *any* of the monthly restitution payments that she was required to make. The court orders were silent on any payment plan, and the payment plan agreement apparently reached with the probation officer was never admitted into evidence and is, therefore, not a part of the record on appeal that this Court can consider. Because the evidence was insufficient to prove that appellant failed to pay restitution according to her repayment plan, we necessarily must conclude that there was no evidence that appellant's alleged failure to pay restitution was unreasonable. By statute, only an "unreasonable" failure to pay restitution can result in the revocation of probation or imposition of a suspended sentence. See Code § 19.2-305.1(E); Duff, 16 Va. App. at 298, 429 S.E.2d at 467 ("the requirement of Code § 19.2-305.1[(E)] that only 'unreasonable' failure to pay restitution shall result in revocation of a suspended sentence restricts the scope of the court's authority under Code § 19.2-306 to revoke a suspension for 'any cause' deemed by it sufficient").

Based on this record, this Court can only speculate as to how the circuit court found that appellant had unreasonably failed to pay her restitution, especially given that there was no information that showed which required payment amounts on which dates she had failed to pay. The Commonwealth acknowledges that appellant was not expected to pay the full $47,000 of restitution by March 2016. For these reasons, we find that the circuit court erred when it revoked

---

[2] The record is silent as to why appellant's probation agreement was not offered into evidence. Likewise, the record provides no insight as to why the Commonwealth failed to elicit testimony from the probation officer regarding the specific details of appellant's restitution payment plan.

appellant's suspended sentences because there was insufficient evidence in the record as to whether and when appellant had unreasonably failed to pay restitution.

III. CONCLUSION

In short, we find that there was insufficient evidence in the record to allow the circuit court to find that appellant violated the terms of her suspended sentences by failing to timely pay restitution. The April 1, 2014 probation agreement that apparently included a required schedule of restitution payments – when they were to begin and what amounts were due by what dates – was never admitted into evidence. Furthermore, there was no specific testimony about what payments appellant failed to pay by a particular date, and it was clear that appellant was not expected to pay the entire $47,000 restitution by March 2016. Consequently, given the paucity of information in the record, we must reverse the circuit court's April 19, 2016 revocation orders, and we remand the matter for further proceedings not inconsistent with this opinion.[3]

Reversed and remanded.

---

[3] Pursuant to the circuit court's March 26, 2014 sentencing orders, appellant's suspended sentences remain in effect as well as appellant's obligation to pay restitution to the victim. Those suspensions of appellant's sentences were conditioned upon an indefinite period of good behavior "or until restitution is paid in full."